UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER L. BANACKI, et al.,

Plaintiffs, No. 11-CV-11864

vs. Hon. Gerald E. Rosen

ONEWEST BANK, FSB,

Defendant.
_____________________________/

OPINION AND ORDER DENYING MOTION TO CONSOLIDATE AND TO APPOINT CO-LEAD COUNSEL AND EXECUTIVE COMMITTEE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on October 18, 2011

PRESENT: Honorable Gerald E. Rosen
United States District Chief Judge

## I. INTRODUCTION

Plaintiff Jennifer L. Banacki filed this action on her own behalf and on behalf of other similarly situated individuals, claiming that Defendant OneWest Bank, FSB wrongfully foreclosed on real property she owned and on properties owned by members of the putative class. This matter is presently before the Court on the motion the Miller Law Firm, P.C., Fink + Associates Law, PLLC, Thav Gross Steinway & Bennett, P.C., and Nedelman Legal Group, PLLC ("Movants") to consolidate eleven purportedly related putative class actions and to appoint interim lead counsel for the consolidated

plaintiff class.[1] The eleven cases for which consolidation is sought are:

- *Banacki v. One West Bank FSB*, No. 11-cv-11864
- *Cheff et al. v. Mortgage Electronic Registration Systems, Inc.* No. 11-cv-11911
- *Miller v. Mortgage Electronic Registration Systems, Cambridge Mortgage Company and Flagstar Bank FSB*, No. 11-cv-11898
- *Schare vs. Mortgage Electronic Registration Systems, Inc.*, No. 11-cv-11889
- *Boser v. The Bank Of New York Mellon*, No. 11-cv-11956
- *Jackman et al v. Bank Of America Corp.*, No. 11-cv-12029
- *Depauw et al. v. Mortgage Electronic Registration Systems, Inc.*, No. 11-cv-12398
- *Batayeh v. Mortgage Electronic Registration Systems and Specialized Loan Servicing LLC*, No. 11-cv-12143
- *Doyle v. GMAC Mortgage, LLC*, No. 11-cv-12321
- *Carr et al. v. Mortgage Electronic Registration Systems, Inc., et al.*, No. 11-cv-12741
- *Miskinis v. Mortgage Electronic Registration Systems, Inc. et al.*, No. 11-cv-12572[2]

Two of these cases -- *Banacki* and *Schare* -- were randomly assigned to this Court.

The other cases are currently assigned to Judges Duggan, Zatkoff, Battani, Cox and

---

[1] The Miller Law Firm and Fink + Associates Law are counsel for the *Banacki* plaintiffs and also are counsel and/or co-counsel for plaintiffs in five of the other purportedly related cases.

[2] As originally filed, consolidation was only sought for eight cases. However, the movants subsequently added additional cases.

Ludington. *Banacki* is the earliest-filed of the cases.

OneWest Bank, FSB, the named defendant in *Banacki*, joined by Specialized Loan Servicing, LLC, GMAC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc. and Flagstar Bank, F.S.B., named defendants in several of the other cases, and The Bank of New York Mellon, defendant in *Boser*, have responded and oppose consolidation. Having reviewed and considered the parties' briefs and the records of all of the cases, and having consulted with the other assigned judges, the Court has determined that oral argument would not significantly assist in the resolution of this matter. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court will dispense with any hearing and will decide this motion "on the briefs." This Opinion and Order sets forth the Court's ruling.

## FACTUAL BACKGROUND

On July 19, 2005, IndyMac Bank, F.S.B., the predecessor-in-interest to Defendant OneWest Bank, FSB ("OneWest"), extended a $256,500.00 loan to Plaintiff Jennifer Banacki for the purchase of a home in Waterford, Michigan. To secure repayment, Banacki granted a mortgage interest in the property to Mortgage Electronic Registration Systems, Inc. ("MERS") in its capacity as mortgagee and nominee for IndyMac Bank, its successor and assigns. Banacki subsequently defaulted on her loan, and on September 24, 2009, she was provided statutory notice of foreclosure pursuant to M.C.L. § 600.3205a. On September 28, 2009, MERS assigned Banacki's mortgage to OneWest. Thereafter, MERS, on behalf of OneWest, initiated foreclosure by advertisement on the property

pursuant to M.C.L. § 600.3204. On August 31, 2010, OneWest purchased the Banacki property at a sheriff's sale.

On April 27, 2011, after the statutory 6-month period of redemption had expired, Banacki filed the instant action, based upon the April 21, 2011 decision of the Michigan Court of Appeals in *Residential Funding Co. LLC v. Saurman, et al.*,, Nos. 290248, 291443, ___ Mich. App. ___, ____ N.W.2d ___, 2001 WL 1516819 (Mich. App., Apr. 21, 2011), *leave to appeal filed*, Mich. S.Ct. No. 143178 (June 2, 2011).[3] In a 2-1 decision (Wilder, J., dissenting), the Michigan Court of Appeals held that MERS, as a mortgagee, but not a noteholder, could not exercise its contractual right to foreclose by means of advertisement pursuant to M.C.L. § 600.3204(1)(d) because it was not the owner of the indebtedness, the servicing agent of the mortgage, nor "the owner of an interest in the indebtedness secured by the mortgage," the only three parties authorized pursuant to § 3204(1)(d) to foreclose by advertisement. Therefore, the court determined that the foreclosure proceedings in the defendants' cases were void *ab initio* and vacated the circuit courts' decisions to proceed with eviction based upon the foreclosures of defendants' properties.[4]

---

[3] On September 28, 2011, the Michigan Supreme Court granted the *Saurman* appellants' motion for expedited consideration of the application for leave to appeal, ordered the parties to file any supplemental briefs by October 21, 2011, and directed the Clerk to schedule oral argument during the November 2011 session.

[4] Two subsequent Michigan Court of Appeals decisions extend the *Saurman* ruling. In *Bakri v. Mortgage Electronic Registration System, et al.*, No. 297962, 2011 WL 3476818 (Mich. App., Aug. 9, 2011), *clarified on reconsideration* (Oct. 4, 2011), the

The *Saurman* decision is also the basis for the Movants' request for consolidation.

## DISCUSSION

### A. THE CASES ARE NOT "COMPANION CASES" UNDER THE LOCAL COURT RULES

In their Motion, Movants ask that 10 putative class action cases filed after *Banacki* be reassigned to this Court and that all eleven cases thereafter be consolidated into one action.

Cases are assigned in the Eastern District of Michigan randomly by "blind draw," *see* L.R. 83.11(a), and may be reassigned only in limited circumstances. L.R. 83.11(b). Local Rule 83.11(b)(7)(D) provides:

> When it become apparent to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number.

---

court extended the *Saurman* ruling to cover a third-party assignment from MERS when an assignee who is not the owner of the note at the time when written notice of foreclosure is served on the property owner forecloses by advertisement instead of MERS. In *Richard v. Schneiderman & Sherman, P.C., et al.*, No. 297353, ___ Mich. App. ___, ____ N.W.2d ___, 2011 WL 3760862 (Aug. 25, 2011), *lv. to appeal filed*, Oct. 6, 2011, the Court of Appeals held that *Saurman* is to be given full retroactive effect. In so doing, however, the *Richard* court made clear that not every pre-*Saurman* MERS foreclosure would be rendered void by its determination holding that

> *Saurman* does not apply in an action to recover title or possession of property if the mortgagor failed to challenge the foreclosure by advertisement during the redemption period or any proceedings seeking an order of eviction, or if the foreclosed property has been sold to a bona fide purchaser.

*Id.*

L.R. 83.11(b)(7)(D).

"Companion cases" are defined under the Local Rule as follows:

> Companion cases are cases in which it appears that:
>
> (i) substantially similar evidence will be offered at trial, or
>
> (ii) the same or related parties are present and the cases arise out of the same transaction or occurrence.

L.R. 83.11(b)(7)(A).

The 11 cases for which consolidation is sought, however, are not "companion cases" under the Local Rule. The 10 cases for which the Movants seek reassignment to this Court do not involve the "same or related parties" and do not "arise out of the same transaction" as *Banacki*. Further, the complaints in the other ten cases reveal that factual and legal issues among the cases are markedly distinct from those presented in *Banacki*, and as such, will require the submission of distinct evidence.

First, each complaint defines different putative classes. For example, *Banacki* defines a putative class limited by time (from March 19, 2009 to the present) and by the condition that MERS served "as agent of a mortgage holder and where no chain of title evidencing an assignment of mortgage between MERS and the mortgage holder existed." *Banacki* Compl., ¶ 23. *Batayeh*, however, defines a broader class -- it includes all people who had mortgages foreclosed by MERS. *Batayeh* Amended Compl., ¶ 83. The *Cheff* plaintiff class includes all people in Michigan whose mortgage identified MERS solely as nominee for the lender. *Cheff* Compl., ¶ 33. *Schare*'s putative plaintiff class is even

broader -- it includes all people in Michigan whose mortgage had any kind of involvement with MERS. *Schare* Compl., ¶ 90A. While some of the putative class members may potentially overlap, the classes are not the same.

The same is true of the defendants. The Defendant in *Banacki* is OneWest Bank. In *Doyle*, the defendant is GMACM. In *Batayeh*, the defendants are MERS, Specialized Loan Servicing, LLC and a number of other mortgage lenders, mortgage servicers, title insurers and industry associations. In *Cheff* and *Schare*, MERS is the sole defendant. Again, while some of the defendants overlap, they are not the same in all 11 cases. Furthermore, the cases do not arise out of the same transaction or occurrence and each case will present distinct facts and clearly will require the submission of different evidence.

Therefore, Local Rule 83.11 provides no grounds for reassignment to this Court (or any concomitant consolidation) of the cases filed after *Banacki*.

B. THERE IS INSUFFICIENT BASIS FOR CONSOLIDATION OF THE CASES UNDER FED. R. CIV. P. 42

Movants purport to rely upon Fed. R. Civ. P. 42(a)(2) as the basis for consolidation of these actions. Under this Rule, a court may consolidate actions involving “a common question of law or fact.” *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). The party moving for consolidation bears the burden of demonstrating the commonality of law, facts or both in cases sought to be combined, *Young v. Hamric*, 2008 WL 2338606 at *4 (E.D. Mich. 2008), and the court must

examine "the special underlying facts" with "close attention" before ordering a consolidation. *In re Repetitive Stress Injury Litigation,* 11 F.3d 368, 373 (2d Cir. 1993) (quoting *Katz v. Realty Equities Corp*., 521 F.2d 1354, 1361 (2d Cir.1975)).

Whether cases present a common question of law or fact is only a threshold requirement; once a common question has been established, the decision to consolidate rests in the sound discretion of the district court. *See In re Consolidated Paralodel Litig*., 182 F.R.D. 441, 444 (D.N.J. 1998) (citations omitted); *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir.1965). In exercising its discretion, a court should weigh "the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." *In re Consolidated Paralodel Litig*., *supra* (citations omitted). Courts have described this balance as:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple law suits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc*., 681 F.2d 186, 193 (4th Cir.1982), *cert. denied*, 460 U.S. 1102, 103 S.Ct. 1801 (1983); *accord Cantrell, supra*, 999 F.2d at 1011; *Johnson v. Celotex Corp*., 899 F.2d 1281, 1285 (2d Cir.), *cert. denied*, 498 U.S. 920, 111 S.Ct. 297 (1990); *Hendrix v. Raybestos–Manhattan, Inc*., 776 F.2d 1492, 1495 (11th Cir.1985). In this analysis, however, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson, supra*, 899 F.2d at 1285.

Although consolidation may enhance judicial efficiency, "[t]he systemic urge to aggregate litigation must not be allowed to trump [our judicial system's] dedication to individual justice, and [courts] must take care that each individual plaintiff's—and defendant's—cause not be lost in the shadow of a towering mass litigation." *In re: Brooklyn Navy Yard Asbestos Litig*., 971 F.2d 831, 853 (2d Cir.1992).

Furthermore, consolidation is not justified or required simply because the actions *include* a common question of fact or law. *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985) (citing *Prudential Insurance Co. of America v. Marine National Exchange Bank*, 55 F.R.D. 436, 437 (E.D.Wis.1972)) (emphasis in original). When cases involve *some* common issues but individual issues predominate, consolidation should be denied. *Hasman, supra*; *see also Shump v. Balka*, 574 F.2d 1341 (10th Cir., 1978); *Molever v. Levenson*, 539 F.2d 996 (4th Cir.1976), *cert. denied*, 429 U.S. 1024, 97 S.Ct. 643 (1976); *Clark v. Elgin*, 25 F.R.D. 248 (N.D. Ohio 1960). This is precisely the situation presented here.

The claims asserted by each of the putative plaintiff classes vary. The only point of commonality is the alleged involvement of MERS in a variety of mortgage transactions and/or foreclosures. But that is where the commonality ends. To start with, the claims asserted in each of the putative class actions are distinct and, as a result, will require the presentation of different evidence. The plaintiffs in *Banacki* and *Doyle* allege four claims and seek to set aside the foreclosures and obtain money damages. But the

*Batayeh* plaintiffs, for example, allege a conspiracy among mortgage lenders, mortgage servicers, title insurers and industry associations and seek to hold all MERS system members liable under RICO. The *Cheff* plaintiffs identify only one defendant -- MERS -- and allege a breach of contract claim and a claim to invalidate the foreclosures. The *Schare* plaintiffs seek to invalidate every single mortgage involving MERS under a U.C.C. theory. Consolidation based on allegations of involvement by MERS, therefore, would not help simplify or narrow the issues before the Court. Rather, given the broad differences between the claims that are alleged and the evidence that will have to be presented, consolidation likely would lead to confusion that will result in unfair prejudice to the defendants. *See Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds,*, 250 F.R.D. 171, 176 (D.N.J. 2008) ("[w]here the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues.")

Furthermore, each case involves numerous different properties and different mortgage transactions with different mortgage lenders. Simply to determine MERS's specific involvement in each mortgage transaction will require a fact-intensive review of the chain of title for each named plaintiff and plaintiff class member in each of the proposed consolidated cases. The timing of the various named plaintiffs' and class members' challenges to each foreclosure -- which, as noted above, will be a material issue -- varies among the cases and will require close examination, as will the

circumstances occurring after foreclosure with respect to each property, such as whether a sheriff's sale has occurred or was challenged in state court; whether eviction has occurred or was challenged; and whether since the sheriff's sale, the property has been sold or transferred to a third-party. Evaluation of damages alone will require examining hundreds of different properties, with different values and conditions, different equity amounts in the properties at the time of foreclosure, different mortgage loan amounts and terms, different payment histories and different conditions that led to a default in each of the mortgage loans.

Simply stated, the importance and uniqueness of issues specific to each plaintiff and the individual members of each of the plaintiff classes overshadow the common question. *In re Northern District of California, Dalkon Shield IUD Products Liability Litigation*, 693 F.2d 847, 854 (9th Cir.1982), *cert. denied*, 459 U.S. 1171, 103 S.Ct. 817 (1983) ("on the issues of negligence, strict products liability, adequacy of warnings at relevant time periods, breach of warranty, fraud and conspiracy, commonality begins to be obscured by individual case histories").

The foregoing makes clear that although the various cases may share one common issue -- the involvement of MERS in some fashion -- this is not sufficient to justify consolidation. Because of the variety of claims asserted in each putative class action and because of the uniqueness of the circumstances surrounding each of the various named plaintiff's and class member's loans, mortgages and foreclosures and post-foreclosure

actions, there is not only a likelihood of confusion but also a significant risk of prejudice to the various Defendants would be presented if jurors were allowed to hear allegations regarding mortgage transactions, claims and damages that might apply only to one of the cases or one of the plaintiff's class members.

Movants counter that "most of these issues need not be examined in order to establish liability" and "to the extent that damages differ from case to case, it will be far easier and less burdensome for one judge to preside over the damages calculation process than to require several different judges to make those determinations across eleven different cases." [Reply Brief, p. 3.] They argue that instead, the Court should focus on considerations of judicial economy and the savings in judicial resources to be gained from a consolidated trial. However, "[t]he benefits of efficiency can never be purchased at the cost of fairness." *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d Cir.1993).

In sum, the Court concludes that considerations of judicial economy are outweighed by the risks of unfair prejudice and confusion. Therefore, the request for consolidation will be denied.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that the Motion to Consolidate and to Appoint Co-Lead Counsel and Executive Committee **[Dkt. # 9]** is DENIED.

In light of the Court's decision denying the Motion to Consolidate and to Appoint

Co-Lead Counsel and Executive Committee,

IT IS FURTHER ORDERED that Motion for Leave to Intervene filed by Michael Miller, Waell Batayeh, Marlya DePauw, Sharon LaFrance, Terrence LaFrance, Emma Thomas, Wayne Helland, Wendell Finney, Andrew Davis, Kai Davis, Timothy Mully, Thomas Huber, Edith Huber, Pamela Brace, Harry Chandler, Wynell Chandler, Daniel Sinott, Bonnie Kinder, Jerome McDavid, and Lisa Vliet, plaintiffs *Batayeh et al. v. MERS*, 11-12143; *DePauw et al. v. MERS*, 11-12398, and *Miller et al. v. MERS et al.*, 11-12143, **[Dkt. # 21]** is DENIED as moot.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 18, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 18, 2011, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager